## Shelley's Petition.

*Detectives — Application for license — Discretion of the court — Act of May 23, 1887.*

The Act of May 23, 1887, P. L. 173, relating to the issuance of licenses to engage in the business of a detective for hire or reward, is permissive and not mandatory or imperative. In passing upon petitions for license under that act, the court has discretionary power to grant or withhold a license with regard to the necessity for additional detectives in the community. In case the court is of the opinion that there does not exist a necessity for an increase in the number of detectives, applications for license to engage in that business will be refused.

Application for license as a detective. Q. S. Dauphin Co., Jan. Sess., 1921, No. 273.

*Charles L. Bailey, Jr.,* and *William Jenkins Wilcox,* for petitioner.

Fox, J., Dec. 5, 1921.—This is an application for a license to engage in the business of a detective for hire or reward, and for that purpose to conduct a detective agency in the City of Harrisburg in accordance with the provisions of the Act of Assembly approved May 23, 1887, P. L. 173.

Testimony was taken in the case and the matter was ordered on the argument list and argued by counsel for the petitioner, and his contention is that the petitioner having complied with the requirements of the act on his part, and having shown that the applicant is a fit person in whom to entrust such license, the court has no power or authority to consider the necessity of the license; that the act is mandatory and that the license should be granted.

The court is of the opinion that there does not exist a necessity in the City of Harrisburg for an increase of detectives or detective agencies at this time, and the single question which we will now consider is, has the court the right to consider the question of necessity.

1 D. & C.

The act does not in terms require the court to grant a license; the language of the act in section 2 is: "It shall and may be lawful for the Court of Quarter Sessions to issue a license to such person or persons applying therefor for the purposes specified in section 1 of this act," &c.

We do not think this language is mandatory or imperative, but is permissive. It makes it lawful for the court so to issue the license, but not imperative. It is quite possible that if a license were granted to each and every applicant complying with the requirements of the act, to say the least, a community might be so overrun with detectives that they may become meddlesome and vexatious.

We do not believe that the legislature intended that the court, having knowledge of the field already being fully supplied and covered, should still go on and issue licenses without limit. We, on the other hand, do believe that it intended, and so construe the act, that the court has discretionary power with regard to the necessity for the license. This is the view taken in the following cases: Burtnett's Application, 5 Dist. R. 3, 17 Pa. C. C. Reps. 394; Dickerson's Petition, 13 Dist. R. 32, 5 Lacka. Jurist, 292; Richey's Petition, 13 Dist. R. 400.

We think the field in which the applicant seeks to conduct the business is fully covered and supplied, and there is no necessity for any increase.

The application is refused.

*Cf.* Smith's Petition, 5 Dist. R. 465.